IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK E. HENRY, Individually and on behalf of ENZO HENRY<br>*Plaintiffs*<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY and PRINCIPAL FINANCIAL GROUP<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 3:cv00100 |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Mark E. Henry, individually and on behalf of Enzo Henry, (the "Plaintiffs"), file *Plaintiffs' Original Complaint* asserting causes of action for relief at law and equity against Principal Life Insurance Company and Principal Financial Group, as follows:

## I.
### PARTIES

1. Plaintiff Mark E. Henry is a resident of Dallas County, Texas, and participant and beneficiary, as defined by 29 U.S.C. §§1002(7) and (8), of his employer's employee welfare benefit plan that includes medical benefits for dependants.

2. Plaintiff Enzo Henry is Mark E. Henry's son and a covered dependent and beneficiary, as defined by 29 U.S.C. §§1002(7) and (8), under his fathers employee welfare benefit plan.

3. Defendant Principal Life Insurance Company, insurer and claims fiduciary, is a foreign insurance company and member of Principal Financial Group, authorized to do business in the State of Texas whose principal place of business is 711 High Street, Des Moines, Iowa 50392-2300 and can be served with process by mailing summons and a copy of the Original Complaint

by certified mail, return receipt requested to its registered agent for service of process in the State of Texas to Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4. The Principal Financial Group (The Principal) is a global financial company authorized to do business in the State of Texas which offers financial products and services, including, life and health insurance, wellness programs, and investment and banking products and whose principal place of business is in Des Moines, Iowa and can be served with process by mailing summons and a copy of the Original Complaint by certified mail, return receipt requested through its president and chief executive officer Larry Zimpleman, at 711 High Street, Des Moines, Iowa 50392-2300.

## II.
### JURISDICTION AND VENUE

5. This action against Defendants Principal Life Insurance Company and Principal Financial Group (hereafter the "Principal Defendants") arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

6. Plaintiffs have complied with all prior requirements and conditions precedent necessary for the filing of this lawsuit.

7. Plaintiffs have exhausted the required administrative remedies made available to them by Principal Defendants.

8. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because a substantial part of the events giving rise to Plaintiffs' claims arose here and one or more of the breaches of which Plaintiffs complain occurred here.

9. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail return receipt requested.

## III.
### STATEMENT OF FACTS

10. One Technologies, L.P. employs Mark E. Henry who is a participant in Principal Life Insurance Company Group Policy issued to One Technologies, L.P. for Group Medical Preferred Provider Organization (PPO) Insurance ("the Plan").

11. The Plan provides in part:

> **GC 5014 (HDHP) TX2 Section A (1)**
> **Comprehensive Medical Expense Insurance (PPO),**
> **Payment Conditions, Page 4**
>
> **Article 2 Treatment or Service Not Available from a Preferred Provider**
>
> If Treatment or Service for a listed Covered Charge is not available through a Preferred Provider and the person receives such Treatment or Service from a NonPreferred Provider, that provider shall be reimbursed at the same rate as the Preferred Provider would have been reimbursed had the person been treated by a Preferred Provider.
>
> If a Dependent Child receives Treatment or Service for a listed Covered Charge from a NonPreferred Provider and is covered subject to a court or administrative order and resides outside the PPO service area, benefits will be paid as if Treatment or Service had been provided by a Preferred Provider.

12. On June 25, 2007, Plaintiff Enzo Henry was born with rare congenital anomalies affecting his right hand.

13.     The treatment for Enzo's right hand was not available through a preferred provider. Dr. Upton, located in Boston, Massachusetts treated Enzo's right hand.

14.     Plaintiffs properly made claims for medical benefits under the terms of the Plan. Principal Defendants accepted Plaintiffs' claims and paid partial medical benefits for Enzo's treatment from approximately April 2009 through the present.

15.     Plaintiffs gave notice to Principal Defendants of their intent to appeal Defendants' underpayment of medical benefits and thereafter timely submitted their formal appeal on September 14, 2009.  Pursuant to 29 C.F.R. §2560.503-1(i)(3)(i), Principal Defendants had thirty (30) days, or until October 7, 2009, in which to give Plaintiffs its benefit determination upon appeal.

16.     To date, Principal Defendants have failed or refused to provide the information required by 29 C.F.R. 2560.503-1(g)(1)(i-vi) in a manner that allows Plaintiffs to prepare a proper voluntary appeal.

17.     Principal Defendants are the Plan Administrator and sponsors of the Plan.  In the course of preparing their appeal, Plaintiffs made written requests to Principal Defendants for copies of the Plan documents. Plaintiffs made their request, through their counsel, on December 2, 2009. To date, Principal Defendants have failed or refused to respond to Plaintiffs' request for copies of the Plan documents.

## IV.
### DEFENDANTS' FIDUCIARY DUTY

18.     Principal Defendants owed Plaintiffs a fiduciary duty to act in the best interest of Plaintiffs and the Plan for the sole purpose of providing benefits to Plaintiffs.

## V.
## COUNT ONE
### PLAINTIFF'S CLAIM FOR MEDICAL BENEFITS

19. Pursuant to the terms of the Plan, Plaintiffs are entitled to receive, as participants and beneficiaries of the Plan, medical benefits for any period as defined by the Plan.

20. Plaintiffs have made claims for covered medical benefits for treatment of Enzo's congenital anomalies under the terms of the Plan from June 25, 2007 until the present date.

21. On September 14, 2009 Plaintiffs appealed Principal Defendants' failure to fully pay claims and included supporting documentation.

22. On October 7, 2009, Principal Defendants wrongfully denied Plaintiffs' appeal for medical benefit claims which were paid as out of network without evidence supporting its decision. In addition, Principal Defendants improperly and irrationally applied the terms of the Plan in an effort to deny full payment of Plaintiffs' benefits.

23. According to the terms of the Plan, Principal Defendants have abused their discretion and breached their fiduciary duty owed to Plaintiffs in under paying Plaintiffs' medical benefits.

24. Plaintiffs are entitled to the full amount of Medical benefits provided under the Plan from June 25, 2007 and continuing thereafter. Plaintiffs' medical expenses are reasonably necessary charges for covered treatment. Plaintiffs have met and continue to meet the definitions, criteria and requirements of the terms of the Plan in order to lawfully receive Medical benefits.

25. Principal Defendants have failed to produce any evidence in support of their under payment of Plaintiffs' claims.

26. As result of Principal Defendants' abuse of discretion, acts of bad faith and violations of administrative regulations, Plaintiffs are entitled to immediate payment of all past due Medical

benefits as well as interest thereon at the highest rate allowed by law as well as ongoing payment of benefits for Dr. Upton's treatment of Enzo's right hand.

## VI.
## COUNT TWO
### PLAINTIFF'S CLAIM OF BREACH OF FIDUCIARY DUTY

27.  As the Plan's claim administrator and fiduciary, Principal Defendants owed Plaintiffs a fiduciary duty to perform their administrative duties with the utmost loyalty to Plaintiffs and solely in their best interest and that of the Plan participants for the exclusive purpose of providing benefits to Plaintiffs.

28.  Principal Defendants breached their duty to Plaintiffs by ignoring the terms of the Plan, by failing to provide Plan benefits to Plaintiffs, by failing to provide a reasonable basis in writing to Plaintiffs for its failure to provide benefits, by failing to provide Plaintiffs a copy of relevant information and documents regarding its failure to provide benefits and by failing to inform Plaintiffs of a means of appeal of its failure to provide benefits as required by law.

29.  Principal Defendants further breached their fiduciary duty owed Plaintiffs in their failure to provide Plaintiffs with the opportunity for a full and fair review of Plaintiffs' claims.

30.  Principal Defendants further breached their fiduciary duty owed Plaintiffs in their failure to review and investigate Plaintiffs' claims in good faith.

31.  Principal Defendants further breached their fiduciary duty owed Plaintiffs in their failure to comply in good faith with regulations and procedures regarding the proper administration of Plaintiffs' claims.

32.  The obvious and intentional breach of Principal Defendants' fiduciary duty in the administration, handling and determination of Plaintiffs' claims demand that Plaintiffs' benefits

be immediately paid according to the terms of the Plan and that Principal Defendants be enjoined from any further activity in violation of its duty of loyalty and trust to Plaintiffs.

## VII.
### STANDARD OF REVIEW

33. Plaintiffs allege that Principal Defendants' bad faith administration of Plaintiffs' claims demands that this Court review Defendants' denial of Plaintiffs' claims for preferred provider benefits *de novo*. Further, Principal Defendants have intentionally or negligently misinterpreted or ignored the terms of the Plan and such interpretations should be reviewed *de novo*.

34. Plaintiffs are also entitled to a *de novo* review of their claims to the extent allowed by law due to Principal Defendants' failure to act in good faith in their review, investigation and determination of Plaintiffs' claims as well as their bad faith exhibited in their violation of federal regulations.

35. Plaintiffs are also entitled to a *de novo* review of the Principal Defendants' factual conclusions made in their wrongful determination of Plaintiffs' claims for benefits and, upon *de novo* review, a finding that Principal Defendants abused their discretion in denying Plaintiffs' claims for preferred provider benefits.

36. Plaintiffs are entitled to the application of Texas law in the interpretation of the contract forming the terms of the Plan as well as the application of the terms regarding Plaintiffs' legal and equitable remedies against Principal Defendants.

## VIII.
### PRINCIPAL'S CONFLICT OF INTEREST

37. Principal Defendants are an insurance company acting as both claims administrator and claims fiduciary to Plaintiffs and the Plan. As such, Principal Defendants suffer an inherent

conflict as both insurer and fiduciary and their factual findings and conclusions in denying Plaintiffs' rightful claims are to be considered with less deference upon review.

38.     In addition, Plaintiffs have reason to believe that Principal Defendants unlawfully targets ERISA claims for denial and rewards its administrators and fiduciaries with monetary rewards for the denial of claims among several other known tactics directed at the illegal and self serving denial of proper claims for preferred provider benefits under the Plan. These practices of Principal Defendants, which were utilized in the denial of Plaintiffs' claims for preferred provider benefits, indicate a level of conflict of interest that is in direct violation of the terms of ERISA and the trust laws concerning the duties of a fiduciary.

39.     As a result of Principal Defendant's high degree of conflict inherent in the handling and determination of Plaintiffs' claims, the Court should apply a far less deferential abuse of discretion standard in the *de novo* review of the Defendants' factual findings and determinations.

## IX.
### COUNT THREE
#### PLAINTIFF'S CLAIM FOR CIVIL ENFORCEMENT AND PENALTIES

40.     Pursuant to 29 U.S.C. §1132(c)(B), Plaintiffs seek an award of civil penalties against Principal Defendants in the amount of $100.00 per day from January 6, 2010 until the date Defendants properly respond to Plaintiff's request for relevant Plan documents made pursuant to the terms of the Plan and the laws of ERISA.

41.     On December 2, 2009, Plaintiffs, by and through their counsel, requested in writing all ERISA Plan documents regarding Principal Defendant's Group Policy Medical benefits Plan for One Technologies, L.P. Principal Defendants received notice of Plaintiffs' request on December 7, 2009. Pursuant to 29 U.S.C. §1132(c)(B) and the terms of the Plan, Principal Defendants were

allowed thirty (30) days in which to provide the requested materials. As of the date of the filing of this complaint, Principal Defendants have failed and refused to respond to Plaintiff's request.

42.     In addition to the civil penalties against Principal Defendants, Plaintiffs seek any and all additional justiciable relief that may be afforded by this Court, including an order requiring Principal Defendants to provide the Plan documents requested by Plaintiffs on December 2, 2009.

### X.
### ALTERNATIVE REQUEST FOR EQUITABLE RELIEF
#### REMAND TO DEFENDANTS FOR PROPER RECONSIDERATION ON APPEAL

43.     Subsequent to the Principal Defendant's failure to provide Plaintiffs with full benefits pursuant to the terms of the Plan, Plaintiffs have made a written request of Defendants for all documents relevant to Plaintiff's claims and the Defendant's failure to provide full benefits. Pursuant to the laws and regulations of ERISA, Plaintiffs have an absolute right to receive from Principal Defendants all documents relevant to their claims. Plaintiffs made a request for the relevant claim and plan documents, yet Principal Defendants failed and refused to provide the documents to Plaintiffs.

44.     The failure of Principal Defendants to provide a copy of their records to Plaintiffs upon written request is a violation of the strict requirements imposed by ERISA and its administrative regulations. This violation by Defendants denied Plaintiffs a "full and fair review" of any possible appeal and the denial of a "full and fair review" by any administrator or fiduciary requires the remand of the claim to the appropriate named fiduciary for further review after its full compliance with the law.

45.     Plaintiffs request, in the alternative, a remand of their claims to the appropriately named claim fiduciary for a full and fair review as required by the laws and regulations of ERISA.

## XI.
## COUNT FOUR
### PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS

46. Pursuant to 29 U.S.C. §1132(g), Plaintiffs seek an award of their reasonable attorney's fees and costs of court in connection to their just pursuit of this action against Principal Defendants.

## XII.
### PRAYER

47. Plaintiffs respectfully pray that upon trial of this matter that this Court find in favor of Plaintiffs and against Principal Defendants and issue judgment against Defendants as follows:

1. That Principal Defendants pay to Plaintiffs all benefits due and owing to Plaintiffs consistent with the terms of the Plan as well as all interest due thereon and as allowed by law;

2. A declaration that Defendants shall pay ongoing charges for Dr. Upton's treatment of Enzo's right hand;

3. That the Principal Defendants immediately provide Plaintiffs a full and complete copy of the Plan documents as requested by Plaintiffs;

4. That Principal Defendants pay all such other civil penalties as allowed by law and as may be deemed appropriate as a deterrent to similar failures and acts in violation of ERISA;

5. That Principal Defendants refrain and desist from further violations of the law of ERISA in the consideration of Plaintiff's claims;

6. That Principal Defendants pay all reasonable attorney's fees and costs associated with the prosecution of this matter; and

7. For all other such relief, whether at law or in equity, to which Plaintiffs may show themselves so justly entitled, including the remand of this claim, if so required by law.

> Respectfully submitted,
> DEDMAN & HANDSCHUCH, PLLC
>
> s/ Linda M. Dedman
> **Linda M. Dedman**
> State Bar #24007098

ldedman@coveragelawdallas.com
**Elizabeth A. Handschuch**
State Bar #08903950
bethh@coveragelawdallas.com
5910 N. Central Expressway
Suite 790
Dallas, Texas 75206
(214) 361-8885 (Phone)
(214) 363-4902 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## *Certificate of Service*

On January 20, 2010 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

s/  Linda M. Dedman